UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VEEDA PAYNE** | * | CIVIL ACTION NO.: |
| *Plaintiff* | * | |
| | * | JUDGE: |
| **VERSUS** | * | |
| **WALMART, INC.** | * | MAGISTRATE: |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Walmart Inc., incorrectly named as "Walmart, Inc." (hereinafter "Walmart"), hereby gives notice and removes this case to the United States District Court for the Eastern District of Louisiana.

Walmart respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

Walmart was named as a defendant in an action commenced in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled "*Veeda Payne versus Walmart, Inc.*" bearing the case number 828-896, Section D.[1]

2.

Plaintiff commenced this action by filing this lawsuit in the Parish of Jefferson on June 3, 2022.[2]

---

[1] Exhibit A, Petition for Damages.
[2] Exhibit A, Petition for Damages.

3.

This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based as required by 28 U.S.C. § 1446(b).

4.

This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Eastern District of Louisiana has subject matter jurisdiction under 28 U.S.C. § 1332.

5.

The parties are completely diverse and the amount in controversy exceeds $75,000.

6.

There is complete diversity when the citizenship of each plaintiff is diverse from the citizenship of each defendant.

7.

Plaintiff, Veeda Payne, is a natural person domiciled in the State of Louisiana.

8.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. 1332(c)(1).

9.

Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in

Bentonville, Arkansas.

10.

The Fifth Circuit has "...established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000)*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. *See* La. C.C.P. 893. Thus, the defendant may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

11.

Federal removal is facially apparent in this case based on the allegations of Plaintiff's state court petition.

12.

As a general rule, when a plaintiff alleges a specific amount of damages in the complaint, that amount controls. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 775–76 (W.D. Ky.

2002) citing *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

13.

Plaintiff alleged in Section 3 of her petition the following:

> "Jurisdiction is proper in this Court because it maintains subject matter jurisdiction over the dispute based on the object of the demand and the amount in controversy, **which would exceed $75,000**, pursuant to Article 2 of the Louisiana Code of Civil Procedure."[3] (Emphasis added.)

According to the petition, on July 3, 2021, Veeda Payne entered a Walmart store, located at 8912 Veterans Memorial Blvd., Metairie, LA and slipped and fell in a highly slippery gel-like substance that was on the ground, causing Ms. Payne to strike the ground with significant force.[4] Ms. Payne allegedly sustained injuries, including, but not limited to, significant injury to her left foot for which Ms. Payne has endured significant pain, suffering, mental anguish, past and future medical expenses, travel expenses, lost wages, loss of earning capacity, loss of household services, loss of consortium, loss of enjoyment of life, and associated miscellaneous expenses.[5]

14.

Plaintiff has alleged an unspecified number of damages that is self-evidently greater than the federal amount in controversy requirement. Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

15.

Walmart hereby removes this matter to the United States District Court for the Eastern District of Louisiana.

---

[3] Exhibit A, Petition for Damages.
[4] Exhibit A, Petition for Damages.
[5] Exhibit A, Petition for Damages.

16.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

17.

Walmart reserves the right to submit additional evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

18.

By virtue of this Notice of Removal, Walmart does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law, including contesting jurisdiction and service.

**WHEREFORE,** Defendants, Walmart Inc., prays that the above-described civil action now pending in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from there to the United States District Court for the Eastern District of Louisiana and this action thereafter proceed in this Honorable Court. Walmart's undersigned counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

*/s/Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
Email: vmatherne@courington-law.com,
jmatherne@courington-law.com,
clozes@courington-law.com
***Attorneys for Defendants, Walmart Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2022, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court by using the CM/ECF system. I also certify that I have forwarded a copy of this filing to counsel via facsimile and certified mail at the following addresses:

**ATTORNEY FOR PLAINTIFF, VEEDA PAYNE**

David C. Spinner, LA Bar No. 34771
Galen M. Hair, LA Bar No. 32865
**Hair Shunnarah Trial Attorneys, LLC**
d/b/a Insurance Claim Lawyers, Inc.
d/b/a Insurance Claim HQ
3540 S. 1-10 Service Rd. W., Suite 300
Metairie, LA 70001
Phone: (504) 684-5200
Fax: (504) 613-6351
hair@hairshuimarah.com
spinner hairshunnarah.com

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**